UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-CV-24806-MORENO
MAGISTRATE JUDGE P.A. WHITE

JOSEPH LINDON POLLARD,           :

    Petitioner,              :

v.                               :          REPORT OF
                                            MAGISTRATE JUDGE
JULIE L. JONES,                  :

    Respondent.              :

_____  :

## I.  Introduction

The Petitioner has filed a *pro se* "Writ of Mandamus" that has been docketed as a federal habeas petition under 28 U.S.C. § 2254.[1] (DE# 1). He seeks to compel the Court in his other pending Section 2254 case, 08-CV-23222-MOORE, to rule on a "Notice of Inquiry" he filed on September 26, 2016. (08-23222 DE# 33).

This cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and the Rules Governing Section 2254 Proceedings in the United States District Courts.

Before the Court for review are the mandamus petition (DE# 1) and this Court's file in case number 08-CV-23222-MOORE. See Fed. R. Ev. 201.

## II.  Procedural History

On November 17, 2008, the Petitioner filed a Section 2254

---

[1] See United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990) ("Federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework.").

petition for writ of habeas corpus attacking his conviction and sentence in Florida case number 00-24269, which was docketed as case number 08-CV-23222-MOORE. (08-23222 DE# 1). The Court dismissed the petition with prejudice as time-barred on February 18, 2009. (08-23222 DE# 13).

The Petitioner moved for a certificate of appealability that the Court denied on August 19, 2011, because he failed to make a substantial showing of the denial of a constitutional right that is debatable among reasonable jurists. (08-23222 DE# 16, 21); see also (08-23222 DE# 25, 27) (denying as moot the Petitioner's motions for the appointment of counsel and to proceed in forma pauperis). On October 5, 2011, the Eleventh Circuit Court of Appeals dismissed the Petitioner's notice of appeal for lack of jurisdiction. (08-23222 DE# 28). Undeterred, the Petitioner subsequently filed a motion for production of documents that was denied on January 23, 2014, and three Notices of Inquiry that were filed on November 16, 2011, August 5, 2016, and September 26, 2016. (08-23222 DE# 29, 32, 33).

The Petitioner filed the instant petition for writ of mandamus on November 14, 2016.

He appears to argue that the District Court in case number 08-CV-23222-MOORE should be compelled to rule on his September 26, 2016, Notice of Inquiry because the sentence he is serving in the Florida case at issue, case number 00-24269, is extraordinarily harsh.

### III.  Discussion
#### A.  Mandamus

Federal district courts have original jurisdiction "of any

action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus is the traditional writ designed to compel government officers to perform nondiscretionary duties. See Marbury v. Madison, 5 U.S. 137, 168-69 (1803). However, Section 1361 only confers jurisdiction on a district court when the defendant official or agency owes a specific duty to the plaintiff that is clear, ministerial and non-discretionary. Kirkland Masonry, Inc. v. C.I.R., 614 F.2d 532, 534 (5th Cir. 1980);[2] see Heckler v. Ringer, 466 U.S. 602, 606 (1984). Mandamus is an extraordinary remedy reserved for extraordinary situations. United States v. Coy, 19 F.3d 629, 635 (11th Cir. 1994).

In order to establish that mandamus relief is proper, a petitioner must demonstrate: (1) a clear right to the relief sought; (2) a clear duty by the respondent to do the particular act requested; and (3) the lack of any other adequate remedy. In re Stone, 118 F.3d 1032, 1034 (5th Cir. 1997); Green v. Heckler, 742 F.2d 237, 241 (5th Cir. 1984).

Construing the instant pleading as a petition for writ of mandamus, no relief is warranted. The petition fails to identify any ministerial, clearly defined, and peremptory duty owed to him to justify granting a petition for a writ of mandamus and ordering injunctive relief. Rather, he seeks to compel the District Court to grant him relief in case number 08-CV-23222-MOORE, based on a "Notice of Inquiry" he filed in that case, because he believes his Florida sentence is too long. A review of the record reveals that

_____

[2] Fifth Circuit decisions handed down prior to October 1, 1981, are binding on this Court. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc).

the Court has already dismissed the Section 2254 petition in that
case with prejudice as time-barred and denied a certificate of
appealability. The "Notice of Inquiry" at issue does not
affirmatively seek relief and therefore no action is required by
the Court, much less a ministerial action. Because the Petitioner
has identified neither a clear right to relief nor a clear
ministerial duty on the Court's part, mandamus can provide him no
relief.

There is no basis to issue the writ under these circumstances
and, to the extent the instant pleading can be construed as a
petition for writ mandamus, it should be denied.

B.   Federal Habeas

Section 2254 relief is available for "a person in custody
pursuant to the judgment of a State court only on the ground that
he is in custody in violation of the Constitution or laws or
treaties of the United States." 28 U.S.C. § 2254(a).

The Antiterrorism and Effective Death Penalty Act ("AEDPA")
requires that:

> Before a second or successive application permitted
> by this section is filed in the district court, the
> applicant shall move in the appropriate court of appeals
> for an order authorizing the district court to consider
> the application.

28 U.S.C. § 2244(b)(3)(A).

A three-judge panel of the court of appeals may authorize a
second or successive application only if it presents a claim not
previously raised that either: (a) relies on a new retroactive rule

of constitutional law that was previously unavailable; or (b) for which the factual predicate could not have been previously discovered through the use of due diligence and the facts underlying the claim would establish by clear and convincing evidence that no reasonable fact finder would have found the petitioner guilty but for the constitutional error. 28 U.S.C. § 2244(b)(2)(A), (B)(I)-(ii); 2244(b)(3)(B).

Rule 60(b) of the Federal Rules of Civil Procedure provides a "limited basis" for a party to seek relief from a final judgment in a habeas case. Williams v. Chatman, 510 F.3d 1290, 1293 (11th Cir. 2007); see also Gonzalez v. Crosby, 545 U.S. 524 (2005). The rule provides in sum the following six bases for relief: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b).  A Rule 60(b) motion is to be treated as a successive habeas petition if it "seeks to add a new ground of relief" or "attacks the federal court's previous resolution of a claim *on the merits*. Gonzalez, 545 U.S. at 532; see also See Mobley v. Head, 306 F.3d 1096, 1096 (11th Cir. 2002); Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003). Accordingly, a district court may not ordinarily consider the merits of a habeas petitioner's Rule 60(b) motion absent an order from a three-judge appellate panel specifically granting the district court authorization to do so. Felker v. Turpin, 101 F.3d 657, 661 (11th Cir. 1996) ("Rule 60(b) cannot be used to circumvent restraints on successive habeas petitions. That was true before the [AEDPA] was enacted, and it is equally true, if not more so, under the new act."). If a petitioner files a second or successive habeas petition without first seeking permission from the appellate court, however, the District Court is "without jurisdiction to entertain

it." <u>Burton v. Stewart</u>, 549 U.S. 147, 153 (2007).

The gist of the instant "mandamus" petition is that the Court should have granted the Section 2254 federal habeas relief in case number 08-CV-23222-MOORE because of the onerous sentence the Florida court imposed in the underlying criminal case. The Court dismissed the federal habeas petition in case number 08-CV-23222-MOORE with prejudice as time-barred, which is considered a determination on the merits. <u>See</u> <u>generally</u> <u>Jordan v. Sec'y, Dep't of Corr.</u>, 485 F.3d 1351, 1353 (11th Cir. 2007) (requiring petitioner to obtain order from appellate court prior to filing second or successive § 2254 petition after first habeas petition was dismissed as untimely); <u>Hutcherson v. Riley</u>, 468 F.3d 750, 755 (11th Cir. 2006) (after failed, untimely Section 2254 petition, petitioner must "satisfy the requirements under 28 U.S.C. § 2244(b)" to receive requisite authorization from appellate court to file successive habeas petition in district court). The Petitioner's present attempt to have the Court review his Florida conviction and sentence renders the instant pleading an unauthorized second or successive Section 2254 petition. Because the Petitioner has previously filed a Section 2254 petition that was dismissed with prejudice and he has not obtained permission from the Eleventh Circuit pursuant to Section 2244(b), this Court is without jurisdiction to consider the instant successive Section 2254 petition.

If the Petitioner intends to pursue Section 2254 relief, he should forthwith apply to the United States Eleventh Circuit Court of Appeals for the authorization required by Section 2244(b)(3)(A). The petitioner will be provided with a form to apply for such authorization with this report. Under the circumstances of this case it does not appear that either a direct transfer of the case

to the Court of Appeals pursuant to Section 1631 or a stay of the present case would be appropriate. See generally Guenther v. Holt, 173 F.3d 1328 (11th Cir. 1999).

## IV. Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." 28 U.S.C. § 2254, Rule 11(a). A timely notice of appeal must be filed even if the court issues a certificate of appealability. 28 U.S.C. §2254, Rule 11(b).

After review of the record, the undersigned finds no substantial showing of the denial of a constitutional right as to petitioner's claims. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000)(habeas petitioner must demonstrate reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues were adequate to deserve encouragement to proceed further). Therefore, it is recommended that the Court deny a certificate of appealability in its final order. If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the District Judge in objections to this report.

## V.   Recommendations

It is therefore recommended that the instant filing be construed as a Section 1361 petition for writ of mandamus and that

7

relief be denied. Alternatively, to the extent the Petitioner seeks relief pursuant to 28 U.S.C. § 2254 or Rule 60(b), that it be dismissed for lack of jurisdiction as an unauthorized second or successive Section 2254 petition.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 21st day of November, 2016.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Joseph Lindon Pollard
     DC# 0-422860
     Everglades Correctional Institution
     Cell E-2221-U
     Inmate Mail/Parcels
     1599 SW 187th Avenue
     Miami, FL 33194
     PRO SE

     Office of the Attorney General
     Miami, FL